**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                 CASE NO. 3:08-cr-302-J-32TEM

AARON MARCUS RICHARDSON

## O R D E R

This matter is again before the Court for a determination of whether the Defendant is competent to proceed to trial under Title 18, United States Code, Section 4241.

### *Background*

Defendant was arrested August 25, 2008, on a one-count Indictment charging that he attempted to destroy a commercial building by the use of fire and explosive material, and that the incident resulted in personal injury to a public safety officer. The United States requested the Defendant be detained; however, after a detention hearing the Court released the Defendant on bond with electronic monitoring to live with his parents. On September 8, 2008, the United States filed a motion for a competency examination (Doc. #19), which the Court granted and ordered the examination be performed by Dr. Alan J. Harris, a psychologist (Doc. #20). The examination took place on September 18, 2008.

On September 21, 2008, the Court received a petition from Pretrial Services indicating that Defendant appeared to have cut his ankle bracelet used for the electronic monitoring program (Doc. #21). The United States requested the bond be revoked (Doc. #24). The Court held a hearing on September 25, 2008, at which Defendant testified that he had been cleaning out the garage at his parents' house when some stored items fell on

his ankle and the monitor strap was torn off his leg as he pulled the leg out from under the fallen items (Doc. #26, Transcript, at 7-9). A Pretrial Services officer indicated that there was a clean cut on the monitor strap, which appeared to be a deliberate cut as if scissors were used. Defendant's mother also testified at the hearing that she had no reason to disbelieve what her son said, but she was not at home when the incident in the garage occurred (Doc. #26 at 22-33). At the conclusion of the hearing, the Court revoked Defendant's bond and ordered detention pending trial (Doc. #25). The Defendant argued vigorously with the Court, appearing somewhat out of control.

On October 3, 2008, the Court held the first competency hearing. Although both the United States and defense counsel were willing to stipulate to Dr. Harris' report finding the Defendant was competent to proceed, the Court asked for Dr. Harris' testimony. Dr. Harris testified he found the Defendant to be competent, but he also indicated he was "concerned about [the Defendant's] mental state" (*see* Doc. #42, Transcript, at 10). The psychologist also stated he would "not be surprised" if Defendant exhibited further deterioration in his functioning during incarceration (Doc. #42 at 10). Although Dr. Harris did not find the Defendant to be psychotic at the time of his examination, he cautioned that status could change as the Defendant did not have good coping skills (Doc. #42 at 16). Ultimately, the Court found the Defendant competent to proceed (Doc. #29).

However, Defendant's counsel later filed a motion to reopen the competency hearing on January 13, 2009 (*see* Doc. #35). Defendant's counsel cited instances of Defendant's bizarre behavior reported at the detention center, as well as his own observations and limited ability to interact with the Defendant, as reasons for the motion. That unopposed motion was granted and the Defendant was ordered transported to a federal facility for

further mental evaluation (*see* Doc. #38, Court Order).

Dr. Lisa Beth Feldman, Psy.D., a forensic psychologist at the Federal Detention Center in Miami, Florida, evaluated Defendant and issued a report on April 2, 2009, in which she stated her findings that the Defendant suffers from a serious mental illness which significantly impacts his rational understanding of the legal process and is likely to interfere with his ability to assist in his own defense (*see* Doc. #51, Exhibit 1). Although defense counsel indicated willingness to stipulate to the report at a status hearing held on May 4, 2009, the Court elected to have Dr. Feldman testify in person. That testimony occurred at a hearing on May 11, 2009.

Dr. Feldman testified as to the results of the mental evaluation testing administered to Defendant, as well as recounted several incidents of bizarre behavior observed while the Defendant was housed in Miami. She also indicated she had reviewed the earlier reports and testimony concerning the bond revocation and the incidents that occurred while the Defendant was detained at a local detention facility near Jacksonville. Thus, as indicated in her report (*see* Doc. #51 at Exh. 1), Dr. Feldman's understanding of the Defendant's mental functioning was developed from an in-depth, broad-based review of the available records, as well as personal interaction with the Defendant.

Dr. Feldman stated the conclusion of the staff at the Federal Detention Center in Miami is that the Defendant is suffering from a severe mental disorder, which she classified as a psychotic disorder, not otherwise specified, as found in the American Psychiatic Association, *Diagnostic and Statistical Manual of Mental Disorders* § 298.9 (4th ed. 2000).[1]

---

[1]"This category includes psychotic symptomatology (i.e., delusions, hallucinations, disorganized speech, grossly disorganized or catatonic behavior) about which there is

According to Dr. Feldman, the disorder is consistent with an initial occurrence of paranoid schizophrenia, as seen with Defendant. Defendant's mental disorder was not classified as schizophrenia because of questions as to when it began. Dr. Feldman also testified the Defendant is delusional and needs treatment.

***Legal Standard and Analysis***

Section 4241 of Title 18, United States Code, provides in relevant part:

(a) Motion to determine competency of defendant.--At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(b) Psychiatric or psychological examination and report.--Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4241(a), (b).

The legal test for competency is whether the Defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he [has] a rational as well as factual understanding of the proceedings against him." *United States v. Cruz*, 805 F.2d 1464, 1479 (11th Cir.1986) (*quoting Dusky v. United States*, 362

---

inadequate information to make a specific diagnosis or about which there is contradictory information, or disorders with psychotic symptoms that do not meet the criteria for any specific Psychotic Disorder." *Diagnostic and Statistical Manual of Mental Disorders*, 343 (4th ed. 2000).

U.S. 402 (1960)). The Tenth Circuit Court of Appeals has held that a finding of competency can not be made relying only on the defendant's factual understanding of the proceedings, there also has to be a rational understanding. *Lafferty v. Cook*, 949 F.2d 1546, 1551 (10th Cir. 1992). In *Lafferty*, the court analyzed the record in the *Dusky* case and found in the appellate decision the testimony given at Dusky's competency hearing. *See Dusky v. United States*, 271 F.2d 385, 387-89 (8th Cir. 1959) *judgment rev'd by Dusky v. United States*, 362 U.S. 402 (1960). The doctor testified the defendant would be able to understand the charges and parts of the court proceedings, and furnish with substantial accuracy information as to his history and events leading to the indictment. But the doctor added," 'because I do not think that he can properly interpret the meaning of the things that have happened ... I don't think he can convey full knowledge of his actual circumstances ... due to an inability to interpret reality from unreality ... to suspicions of what is going on, ... to confused thinking, which is part of his mental illness.'" *Id.* The *Lafferty* court held that a defendant lacks the requisite rational understanding of the case if "his mental condition precludes him from perceiving accurately, interpreting, and/or responding appropriately to the world around him." 949 F.2d at 1551.

Where there is sufficient doubt as to a defendant's competency to stand trial, the court must have a hearing on competency. *Drope v. Missouri,* 420 U.S. 162, 180 (1975). "A criminal defendant may not be tried unless he is competent." *Godinez v. Moran*, 509 U.S. 389, 396 (1993).

Which party has the burden of proof concerning competency is not fully decided. In *Cooper v. Oklahoma,* 517 U.S. 348, 355 (1996), the Court held an Oklahoma law creating a presumption of competence and requiring a defendant to prove his

incompetence by clear and convincing evidence was unconstitutional. The Court noted, however, it had held in *Medina v. California,* 505 U.S. 437 (1992) that a state could presume that a defendant is competent and require the defendant to prove incompetency by a preponderance of the evidence. Under 18 U.S.C. § 4241(d), a preponderance of the evidence the standard is the basis for determining competency of a charged defendant. Section 4241 does not, however, assign the burden of proof to either the prosecution or the defense.

In this case, Defendant has been examined by two psychologists in an effort to ascertain his competency to stand trial. Dr. Alan J. Harris, psychologist, conducted the first examination and gave an opinion that the Defendant was not suffering from a mental disease or defect rendering him incompetent at that point in time, but Dr. Harris also found Defendant's mental functioning would possibly deteriorate with continued incarceration. Following a hearing held pursuant to request of defense counsel to re-open the competency issue, Defendant was examined by Dr. Lisa B. Feldman, psychologist, and her staff. Dr. Feldman, who saw the Defendant a little more than six months after Dr. Harris, has testified unequivocally that the Defendant is currently suffering from a mental disorder that renders him incompetent to stand trial. In fact, Dr. Feldman specifically stated the Defendant is suffering from a mental disease or defect and a delusion which would leave him unable to rationally consult with or assist counsel.

Although the Defendant testified he disagreed with Dr. Feldman's conclusions, there is no credible evidence that contradicts her testimony. Thus, upon due consideration and weighing of the evidence, the Court finds the Defendant is currently incompetent to proceed.

## *Conclusion*

Accordingly, pursuant to 18 U.S.C. § 4241, Defendant is committed to the custody of the Attorney General, or his duly authorized representative, who shall hospitalize Mr. Richardson for treatment in a suitable facility for "a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future" competence will be restored, and any additional reasonable period of time permitted under Section 4241(d)(2).

The custodian of Defendant shall file status reports with the Court. Copies of the reports should be furnished to Mr. Daniel Austin Smith, Esq. (counsel for Defendant), at 2064 Park Street, Jacksonville, Florida 32204, and Ms. Dineen Baker, Esq., Assistant United States Attorney, at 300 N. Hogan Street, Suite 700, Jacksonville, Florida 32202. The first report should be submitted no later than sixty (60) days from the date of Defendant's commitment to the designated facility, if the detention continues that long, and subsequent reports should be tendered every sixty (60) days thereafter.

The United States Marshal is directed to transport Defendant *post haste* to the institution designated for the purpose of this commitment by the most expeditious and direct means available.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of May, 2009.

Copies to:
AUSA (Baker)
Daniel Austin Smith, Esq.
United States Marshal
The Hon. Timothy J. Corrigan

**THOMAS E. MORRIS**
United States Magistrate Judge