**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:08-cr-302-J-32TEM

AARON MARCUS RICHARDSON

_____

**O R D E R**

This matter is before the Court, *sua sponte*, for a determination of whether Defendant can be restored to competency to proceed to trial under Title 18, United States Code, Section 4241.

Pursuant to an Order by the Court, dated May 27, 2009 (Doc. #54), Defendant was committed to the custody of the Federal Medical Facility in Butner, North Carolina, to be hospitalized for treatment for a reasonable period of time, not to exceed four months, as necessary to determine whether there is a substantial probability that in the foreseeable future Defendant can be returned to competency to stand trial, and for any additional reasonable period of time permitted under Section 4241(d)(2).

A competency restoration study was performed and a report from psychologist, Maureen L. Reardon, Ph.D., and psychiatrist, Ralph Newman, M.D., dated November 10, 2009, was submitted to the undersigned (a copy of which has been provided to both Defendant and the United States). The report reveals that Defendant has been diagnosed with schizophrenia, undifferentiated type, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, DSM-IV, 295.9 (4th ed., American Psychiatric Assoc. 2000), and that he has

also been assessed a Global Assessment of Functioning level of 35.[1] Doctors Reardon and Newman conclude that Defendant remains incompetent to stand trial and that there is a substantial probability Defendant's competency status can be restored if he undergoes a period of treatment with antipsychotic medication.

Due to Defendant's "poor insight, likely impaired compliance, and refusal to take oral medications," Doctors Reardon and Newman also conclude that Defendant will need long term injectable treatment on an involuntary basis. Consequently, Doctors Reardon and Newman request that the Court authorize involuntary medical treatment if Defendant does not agree to take antipsychotic medication on a voluntary basis.

A pre-trial detainee has a constitutionally protected Fifth and Fourteenth Amendment liberty interest in remaining free from unwanted medical treatment and cannot be forced to accept medication without due process of law. *See Washington v. Harper*, 494 U.S. 210, 211 (1990) (recognizing "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs"). The Supreme Court, in *Sell v. United States*, held a pre-trial detainee's liberty interest in remaining free from unwanted administration of antipsychotic drugs could be overcome if the government shows: (1) important governmental interests are at stake, including the government's concomitant constitutional interest in assuring the defendant receives a fair trial; (2) involuntary medication will

---

[1] The Global Assessment of Functioning Scale ("GAF") was designed by mental health clinicians to rate the psychological, social and occupational functioning of an individual on a mental health scale of 0-100. A GAF score of 31-40 represents an "inability to function in all areas," and includes behavior that is either "considerably influenced by delusions or hallucinations" or behavior that represents "serious impairment in communication or judgment." A GAF score of 41-50 describes "serious symptoms" and includes "serious impairment in the social, occupational or school functioning." A GAF score of 51-60 describes "moderate symptoms" and includes only moderate difficulty in functioning. A GAF score of 61-70 indicates "some mild symptoms," but generally functioning "pretty well, [and] has some meaningful interpersonal relationships." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, DSM-IV, at 32-34.

significantly further those concomitant interests; (3) involuntary medication is necessary to further those governmental interests; and (4) administration of the drugs is medically appropriate, *i.e.*, in the patient's best medical interest in light of his medical condition. 539 U.S. 166, 180-81 (2003).

The Fifth Circuit, however, has held that prior to a *Sell* inquiry proceeding in a district court the administrative procedures set forth in Title 28 Code of Federal Regulations Section 549.43, "Involuntary Psychiatric Treatment and Medication," must be exhausted. *United States v. White*, 431 F.3d 431, 433-34 (5th Cir. 2005).[2]

A hearing with respect to the instant matter was held by the undersigned on December 4, 2009.[3] At the hearing, the government maintained that it is its position that an administrative hearing pursuant to Section 549.43 is unnecessary because the decision in *Sell* implicitly requires that a court of law analyze the detainee's medical condition and make the final decision as to whether the government's interest in ordering involuntarily medication outweighs the detainee's constitutional liberty interest in remaining free from unwanted medical treatment.

Although there is no Eleventh Circuit precedent directly deciding the issue, this Court has previously adopted the Fifth Circuit's approach, which requires that an administrative hearing be held (within the federal medical facility) before a district court may order a pre-trial detainee be involuntarily medicated pursuant to *Sell*, *supra*. *United States v. Milliken*, No. 3:05-cr-J-32TEM (M.D. Fla. Oct. 13, 2006). Specifically, the Court, in *Milliken*, stated:

---

[2] Defendant has not yet undergone the administrative procedure set forth in 28 C.F.R. § 549.43.

[3] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

> Nothing in *Sell* pronounces or intimates that the § 549.43 hearing is no longer required. Indeed, it is not uncommon that available administrative review of an issue be exhausted before a court will take up the matter. This Court, like the Fifth Circuit in *White,* finds that the § 549.43 process must be followed in the first instance before the issue is brought to federal court.

*Id.* at *3.

Accordingly, it is hereby **ORDERED**:

1. Defendant is remanded to the custody of the appropriate personnel at the **Federal Medical Facility in Butner, North Carolina, who are ordered to conduct the required administrative hearing pursuant to 28 C.F.R. § 549.43**. **The report from that proceeding** (including the report of any appeal to the institution's mental health division administrator) **shall be filed with the Court by no later than Friday, January 29, 2009**.

2. The Court will then conduct a **video conference hearing on Wednesday, February 10, 2009 at 11:00 a.m.** in Courtroom 5-B, Fifth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, to hear any objections to the report and to otherwise determine how to proceed.

3. **Defendant shall appear at said hearing *via* the videoconferencing medium from the Federal Medical Facility in Butner, North Carolina. Counsel for Defendant and counsel for the United States shall attend the hearing, in person, in Courtroom 5-B**. The Court requests that the Federal Medical Facility in Butner, North Carolina, produce Defendant, Aaron Richardson (Reg. No. 32497-018) in the videoconferencing room at that facility on the date and time of the scheduled hearing. **Doctors Maureen L.**

4

**Reardon and Ralph Newman** should also appear at the hearing *via video conference*.

4. The **United States Marshal is directed to transport Defendant** *post haste* **to the Federal Medical Facility, Butner, North Carolina**, by the most expeditious and direct means available.

5. **Defendant shall remain in the custody of the Federal Medical Facility, Butner, North Carolina, until such time as the Court otherwise orders.**

**DONE AND ORDERED** at Jacksonville, Florida this  7th  day of December, 2009.

Copies to:
AUSA (Baker),
Daniel Austin Smith, Esq.,
United States Marshal,
The Hon. Timothy J. Corrigan

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge